| | | |
|---|---|---|
| **MINOR CHILDREN** | * | **NO. 2024-CA-0006** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ROMAN CATHOLIC CHURCH** | * | |
| **OF THE ARCHDIOCESE OF** | | **FOURTH CIRCUIT** |
| **NEW ORLEANS** | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-07280, DIVISION "A"
Honorable Ellen M Hazeur, Judge
**\* \* \* \* \* \***
**Judge Paula A. Brown**
**\* \* \* \* \* \***

(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Karen K. Herman)

Christopher Edmunds
CHRIS EDMUNDS LAW OFFICE, LLC
4937 Hearst Street
Suite 2F
Metairie, LA 70001

      COUNSEL FOR PLAINTIFF/APPELLANT

Michael L. DeShazo
Christine W. Adams
DESHAZO ADAMS, LLC
1250 Poydras Street
Suite 2450
New Orleans, LA 70113

      COUNSEL FOR DEFENDANT/APPELLEE

**REHEARING GRANTED FOR CLARIFICATION;**
**RELIEF DENIED;**
**ORIGINAL OPINION**
**OF JULY 30, 2024**
**MAINTAINED**
**AUGUST 21, 2022**

PAB
RLB
KKH

Appellants, E.R. and B.R. (collectively, the "Plaintiffs"), have applied to this Court for rehearing of our July 30, 2024 opinion, which dismissed Plaintiffs' appeal under the legal theory of judicial estoppel. We grant the rehearing for the limited purpose of clarifying this Court's opinion. In all other respects, the application for rehearing is denied and our original judgment is maintained.

This appeal is solely related to the granting of the exception of nonjoinder. Plaintiffs are acerbic in their contentions that this Court's July 30, 2024 opinion relied on "glaring factual mistakes" that are "demonstrably incorrect" regarding E.R. and B.R.'s participation in the October 23, 2023 preliminary injunction hearing and the relief afforded to each following that hearing.[1] As this Court outlined in its original opinion, on October 5, 2023, the district court rendered judgment granting the Archdiocese's peremptory exception of nonjoinder, which was granted as to both Plaintiffs—E.R. and B.R. On November 3, 2023,[2] counsel, on behalf of both Plaintiffs, filed an appeal from the October 5, 2023 judgment.

---

[1] This Court would caution counsel to be mindful of the Code of Professionalism, formulated by the Louisiana State Bar Association and approved by the Louisiana Supreme Court, namely to conduct oneself with dignity, civility and courtesy, and to refrain from engaging in any demeaning or derogatory commentary.

[2] Our original opinion dated this filing as November 10, 2023.

1

Further, we were clear that in its November 6, 2023 judgment, issued after Plaintiffs filed their appeal, the district court denied the Archdiocese's renewed exception of nonjoinder and granted in part the exception as to B.R., but denied it as to E.R. Accordingly, the fact that in our original opinion we later referred to the party as "Plaintiffs" rather than "Plaintiff" in relation to the preliminary injunction is of no moment.[3] It has no bearing on our determination that the Plaintiffs' appeal presently before us is ripe for dismissal.

Plaintiffs next contend that this Court erred in raising the legal theory of judicial estoppel, *sua sponte*, because judicial estoppel is an affirmative defense that must be raised by the party asserting that defense. We concede that judicial estoppel is an affirmative defense that was not raised by the Archdiocese. Nonetheless, after revisiting the record, we find that there is still a basis for dismissal. First, based upon the line of jurisprudence we reviewed in our original opinion, we maintain that the October 5, 2023 judgment is not a final appealable judgment. Next, when the district court granted the Archdiocese's exception of nonjoinder and allowed Plaintiffs fifteen days in which to amend the petition to cure any defects, Plaintiffs were faced with three choices: (1) do nothing and have all claims dismissed pursuant to La. C.C.P. art. 934;[4] (2) amend their petition to cure the defect of nonjoinder and proceed with the litigation; or (3) apply to this

---

[3] Similarly, our original opinion stated that Plaintiffs had fifteen days to submit affidavits to authenticate documents rebutting the Archdiocese's exception of nonjoinder. We note that the exception was filed two days before the hearing on the exception. However, this discrepancy is not determinative of any of the issues before us.

[4] Louisiana Code of Civil Procedure Article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

2

Court for a supervisory writ, which would stay the proceeding pending resolution of the district court ruling, granting the exception of nonjoinder. Plaintiffs opted to amend their petition rather than applying to this Court for supervisory writs.

Plaintiffs' counsel made his intentions explicit to narrow the scope of Plaintiffs' petition to include only eight named schools that are directly controlled by the Archdiocese. As we presented in our original opinion, Plaintiffs' amendment explained that "[t]his Third Amended Petition narrows the scope of relief sought to relief against only the named defendant, and such relief will not affect the interests of the allegedly separate apostolate churches." Further, in their memorandum in support of their renewed motion for preliminary injunction, Plaintiffs stated that "[t]o remove any doubt, the relief sought in this motion does not apply to the dozens of Catholic 'apostolate' schools that the Archdiocese indirectly controls, or 'religious order' schools." The memorandum also included a footnote to explain that "[t]he Archdiocese directly controls the following schools: Academy of Our Lady, Archbishop Chapelle, Archbishop Hannan, Archbishop Rummel, Archbishop Shaw, Pope John Paul II, St. Charles Catholic, St. Michael Special School, and St. Scholastica Academy." Plaintiffs confirmed this position to the district court at the second hearing on the exception of nonjoinder. Specifically, the following exchange occurred between Plaintiffs' counsel and the district court:

> **COUNSEL:** So we are absolutely, crystal clear, that we're not seeked [sic] today seeking to litigate the conduct of any school, other than the ones controlled by the Archdiocese.

> **THE COURT:** So you want your Preliminary Injunction only to apply to the eight schools that are directly controlled by the Archdiocese; is that correct?

3

**COUNSEL:** Yes, Judge. And we make that clear in our renewed Motion. There's a provision that says that the scope of review, and it is at Page – legal standard, scope of review sought, Page 4, "To remove any doubt, the release [sic] sought on this Motion does not apply to the dozens of catholic, Apostolic schools that the Archdiocese indirectly controls or religious order schools, nor should this Motion should be interpreted to imply the communications in which, 'disability related discussions are initiated by parent.'"

We find that it is procedurally impermissible to first comply with a district court's order to cure the defect in an exception of nonjoinder, and later challenge the underlying judgment that allowed the amendment. These procedural steps taken by Plaintiffs have left this Court without any justiciable controversy upon which to rule. Our Supreme Court has "defined a justiciable controversy as 'an existing actual and substantial dispute.'" *In re Cooperative Endeavor Agreement Between 42nd Judicial District District Attorney's Office and 42nd Judicial District Public Defender's Office*, 18-1644, p. 1 (La. 4/15/19), 267 So.3d 581, 583. Once Plaintiffs chose to amend their petition and limited their complaint to include only eight schools, no actual and substantial dispute exists as to the nonjoinder of necessary parties. This appeal has been rendered moot. For these reasons, we maintain our conclusion in our original opinion that dismissal is proper.

**REHEARING GRANTED FOR CLARIFICATION;**
**RELIEF DENIED;**
**ORIGINAL OPINION**
**OF JULY 30, 2024**
**MAINTAINED**